82 F.3d 419
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Charles E. RUTH, Defendant-Appellant.
 No. 95-5977.
 United States Court of Appeals, Sixth Circuit.
 April 17, 1996.
 
 1
 Before: MERRITT, Chief Judge; MILBURN, Circuit Judge, and ZATKOFF, District Judge.*
 
 ORDER
 
 2
 Charles E. Ruth, a federal prisoner, appeals the sentence imposed by the district court after he was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 On May 10, 1995, a jury found Ruth guilty of the count described above. The district court sentenced him on July 14, 1995, to 105 months in prison and three years of supervised release. On appeal, Ruth argues that his offense level was improperly enhanced because the preponderance of the evidence did not establish that the firearms in question were stolen.
 
 
 4
 Upon careful review, we affirm the judgment because the district court's finding that at least one of the firearms pawned by Ruth was stolen is not clearly erroneous. See United States v. Mahaffey, 53 F.3d 128, 131 (6th Cir.1995). The government bears the burden of proving enhancement factors by a preponderance of the evidence. United States v. Medina, 992 F.2d 573, 592 (6th Cir.1993), cert. denied, 114 S.Ct. 1049 (1994).
 
 
 5
 In this case, the only evidence presented on this issue was favorable to the government's position. Ruth complains that this evidence is only circumstantial and that the court should not have believed the statements of his own brother and the victim's brother. However, circumstantial evidence may be sufficient by itself to convict a defendant, see Tilley v. McMackin, 989 F.2d 222, 225 (6th Cir.1993), and is certainly sufficient to support a sentencing enhancement, which carries a much lower burden of proof. See, e.g., United States v. Partington, 21 F.3d 714, 717 (6th Cir.1994); United States v. Gibson, 985 F.2d 860, 865 (6th Cir.), cert. denied, 113 S.Ct. 2981 (1993). In Ruth's case, the circumstantial evidence all supports a reasonable inference that Ruth stole the firearms at issue or, at least, knew they were stolen. Ruth presented absolutely no evidence to otherwise explain his possession of the guns which he pawned.
 
 
 6
 Accordingly, the district court's judgment, entered on July 17, 1995, is affirmed.
 
 
 
 *
 The Honorable Lawrence P. Zatkoff, United States District Judge for the Eastern District of Michigan, sitting by designation